PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JULIO RODRÍGUEZ, Defendant and Appellant.

No. 2544. Argued June 25, 1925.—Decided July 7, 1925.

1. MOTOR VEHICLES—CARELESS DRIVING—PLEADING—IMMATERIAL ALLEGATION.— When the averment of a certain paragraph of a complaint shows a consequence of the charge against the defendant it will not be stricken out as immaterial.

2. ID.—ID.—CONTRADICTORY EVIDENCE.—When the evidence is contradictory and the judge adjusts the conflict his holding will not be modified on appeal in the absence of some fact showing manifest error or that he acted with passion, prejudice or partiality in weighing the evidence.

District Court of Guayama, Gabriel Castejón, J.    Judgment of con-
    viction of violation of the Automobiles Act.    *Affirmed.*
*C. Domínguez Rubio* for the appellant.    *José E. Figueras, Fiscal,*
    for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The defendant was fined $25 for violating subdivision
(*d*) of section 12 of Act No. 75 (p. 148) to regulate the
operation of motor vehicles in Porto Rico, etc., of April 13,
1916.

He appealed from that judgment and assigns in his
brief the following errors:

"1.—In refusing to strike from the complaint the words 'strik-
ing and knocking down the girl, inflicting upon her one contusion
on the forehead and another over the left eye.'

"2.—In not sustaining defendant's objection to the inquiry as
to facts alleged in connection with a girl whom, it is said, the defend-
ant struck with the truck.

"3.—In that the judgment is contrary to the evidence.

"4.—In that the evidence for the prosecution establishes the
imaginary occurrence of something impossible."

[1] For the purpose of considering the first two assign-
ments based on the same grounds we shall transcribe the
pertinent part of the complaint, as follows:

". . . defendant Julio Rodríguez . . . maliciously, unlawfully
and wilfully violated the provisions of the Act to regulate the oper-
ation of motor vehicles in Porto Rico in that through carelessness
or negligence he failed to take the necessary precautions to insure
the safety of life and property, his act being that while driving
truck H. P. No. 168 belonging to José D. Padilla and on nearing the
girl Sergia María Rodríguez, who was coming along the right side
of the road, he did not bear to his right but struck and knocked
down the girl, causing her one contusion on the forehead and an-
other over the left eye, for which she was treated in the Municipal
Hospital of this city."

The appellant contends that the words to which he re-
fers in his first assignment of error are immaterial because

they have no relation to the act charged and prejudiced the judge's mind against the defendant.

The complaint shows on its face that the paragraph to which the appellant refers describes the consequences of the offense with which he was charged, inasmuch as although he was bound at all times to exercise due care in order to insure the safety of life and property, he did not do so because he failed to drive the vehicle to the right and struck the girl who was going along the right side of the road, as described in the complaint.

Section 12 of the said Act reads in part as follows:

"That persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property."

Subdivision (*d*) thereof reads:

"Motor vehicles while being operated on the public highways shall be kept as far to the right as practicable and shall observe this precaution particularly, while rounding a curve, . . ."

Under the circumstances of the case we are inclined to believe that the assignment is without merit, but even if otherwise it would not be sufficient of itself to warrant a reversal of the judgment.

[2] The remaining assignments refer to the weighing of the evidence.

The evidence was contradictory, for while the witnesses for the prosecution testified in substance that the defendant was not driving on the right side of the road, but in zig-zags, in such a manner that his truck collided with the cart in which the girl was riding, those for the defendant testified that the defendant always kept to the right. The trial judge adjusted the conflict against the defendant and we find no circumstance which shows the commission of manifest error or that he acted with passion, prejudice or partiality in weighing the evidence.

' · For all of the foregoing the judgment of the court below must be affirmed.